IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-79,127-01




EX PARTE THOMAS JOHN DURBIN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W11-60823-K(A) IN THE CRIMINAL DISTRICT COURT #4 
FROM DALLAS COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
evading arrest or detention, and was sentenced to ten years’ imprisonment. 
            On March 27, 2013, this Court remanded to the trial court for further information and
findings addressing Applicant’s claims that trial counsel failed to communicate a plea offer to
Applicant prior to trial, failed to advise Applicant of his appellate rights, and failed to timely file a
notice of appeal. On August 2, 2013, this Court received the supplemental record, which includes
an affidavit from trial counsel and findings of fact from the trial court. 
            The supplemental record, however, is insufficient to fully address Applicant’s allegations and
to explain apparent discrepancies in the record. For example, in his affidavit trial counsel states that
Applicant voluntarily elected not to accept a plea bargain offer made by the State but sought an open
plea in order to obtain favorable treatment. The trial court finds that Applicant “was aware of the
State’s recommendation in the plea papers, as his signature appears on the plea form that includes
the State’s plea bargain offer.” The plea form in question does not appear to contain a plea bargain
offer but appears to shows only that the State was recommending a 15-month state-jail sentence in
connection with Applicant’s open plea. 
            Furthermore, the offense charged in the indictment and described in the judicial confession
in this case was a second degree felony, not a third degree felony. Applicant was admonished as to
the punishment range for a third degree felony and the State’s recommendation for a state jail felony
sentence was below the minimum applicable sentence for the offense as charged and as pleaded to
by Applicant.
            In addition, this Court requested information on remand about whether trial counsel advised
Applicant of his right to appeal in an open plea situation and, if so whether Applicant indicated a
desire to appeal. In his affidavit, counsel states only that Applicant never asked him to file notice
of appeal and that he would have done so had Applicant so requested. The trial court finds that
Applicant was given the State required form advising him of his right to appeal. The record contains
a copy of the trial court’s certification of the defendant’s right to appeal signed by Applicant, but the
file-stamp on the certification indicates that it was filed more than a month before Applicant entered
his plea. The certification does not show the date upon which it was signed by the trial court or
received by Applicant. Applicant filed an untimely pro se notice of appeal and was appointed
appellate counsel after the appellate deadline had passed. Trial counsel does not state in his affidavit
that he personally advised Applicant of his right to appeal and of the deadlines for doing so. 
Although the trial court’s certification contains this information, there is nothing in the record to
indicate when Applicant received the certification.
            Because the supplemental record does not explain these discrepancies, additional facts are
needed. Trial counsel shall submit a supplemental affidavit, stating specifically if and when the State
made a pre-trial plea offer, and what the terms of any such offer were. Trial counsel shall state what
advice, if any, he gave Applicant with respect to accepting any pre-trial plea offer, versus entering
an open plea of guilty to the trial court. Counsel shall state what advice he gave Applicant with
respect to the degree of offense with which he was charged, and the applicable punishment range to
which he would be subject if he entered an open plea of guilty.
             If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall supplement the habeas record with a transcript of the plea and sentencing
proceedings in this case. In addition, if there were any written plea offers made by the State and
rejected by Applicant, the trial court shall supplement the record with copies of those documents. 
If there is a dated copy of the trial court’s certification of the defendant’s right to appeal, the trial
court shall also supplement the record with that document, or any other document showing that
Applicant was advised of the appellate deadlines and the process for obtaining appellate counsel and
filing notice of appeal in a timely manner. 
            The trial court shall make findings of fact and conclusions of law as to if and when the State
made any specific pre-trial plea offers, whether any such offers were transmitted to Applicant, and
whether Applicant accepted or rejected any such offers. The trial court shall make findings as to why
the plea papers reflect a recommendation from the State of 15 months’ state jail and as to why
Applicant was admonished as to the punishment range for a third degree felony, rather than a second
degree felony. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
Filed: October 30, 2013
Do not publish